

**SIGNED this 18th day of March, 2026**

_Nicholas W. Whittenburg_
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Kristopher David Pawlak** | ) | **No. 4:24-bk-12813-NWW** |
| | ) | **Chapter 13** |
| **Debtor** | ) | |
| | ) | |
| **Kara West, Trustee** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Adv. No. 4:25-ap-01006-NWW** |
| | ) | |
| **Tammy Pawlak** | ) | |
| | ) | |
| **Defendant** | ) | |

# M E M O R A N D U M

On April 9, 2025, plaintiff Kara West, as chapter 13 trustee, filed a complaint

seeking to avoid a transfer of property as a fraudulent transfer under 11 U.S.C. § 548

and to award her a judgment for the value of the transferred property pursuant to 11 U.S.C. § 550(a). Jurisdiction is proper in this court. 28 U.S.C. § 1334(b). This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(H).

Initially, defendant Tammy Pawlak represented herself in this adversary proceeding and filed her own answer to the complaint. ECF No. 5. Shortly afterward, counsel appeared and filed a separate answer for the defendant. ECF Nos. 8 & 18.

After a disagreement between the defendant and her counsel about "how to pursue her defense," however, counsel moved to withdraw. ECF No. 27. The court granted the withdrawal motion on November 3, 2025, and ordered the defendant to obtain new counsel within thirty days or else proceed by representing herself. ECF No. 31. No new counsel made an appearance for the defendant, so now, she represents herself in this adversary proceeding.

According to the complaint, the defendant and the debtor owned real property commonly known as 9405 Nashville Highway, McMinnville, Tennessee. See ECF No. 1, Exhibit 2 (warranty deed dated November 15, 2011). On November 17, 2023, the debtor conveyed all of his interest in the property to the defendant in exchange for $10.00. See ECF No. 1, Exhibit 1 (quitclaim deed).

Four months later, the defendant sold the property to a third party for $370,000.00. See ECF No. 1, Exhibit 3 (warranty deed dated March 22, 2024). Finally, on November 7, 2024, the debtor filed a chapter 13 bankruptcy petition.

The complaint alleges that the debtor received less than reasonably equivalent value in exchange for the transfer to the defendant and that he was insolvent at the

time of the transfer. See 11 U.S.C. § 548(a)(1)(B)(i) & (ii)(I). Then, the plaintiff seeks a

monetary judgment against the defendant under 11 U.S.C. § 550(a).

Before the court now is a motion for summary judgment filed by the plaintiff. ECF

No. 42. The defendant did not respond to the motion, and consequently, the court

construes her silence as a lack of opposition to the motion. E.D. Tenn. LBR 7007-1(a).

Having considered the motion, supporting brief, statement of undisputed material

facts, and the lack of opposition by the defendant, the court will grant the plaintiff's

motion for summary judgment.

## I.      Summary Judgment Standard

A party is entitled to summary judgment if "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. When deciding a motion

for summary judgment, the court construes all reasonable inferences in favor of the

nonmoving party. *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) (citing

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). When

the evidence would permit a reasonable jury to return a verdict for the nonmoving party,

a genuine issue of material fact exists, and the court must deny summary judgment.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the face of a summary judgment motion, the nonmoving party may not rest on

its pleadings, but must come forward with some probative evidence to support its claim.

*Celotex v. Catrett*, 477 U.S. 317, 325 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d

1432, 1435 (6th Cir. 1987) (holding that a nonmoving party must present "some

significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial"). According to Federal Rule of Civil Procedure 56(c)(1), "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

## II.   Analysis

As noted above, the defendant did not respond to the motion for summary judgement. The defendant did not cite to anything in the record showing a genuine issue of fact. Nor did the defendant respond to the plaintiff's statement of undisputed material facts. Failure to respond to a statement of undisputed material facts is treated as admitting the facts. E.D. Tenn. LBR 7056-1(b).

As relevant to the complaint, Section 548(a)(1) authorizes a trustee to:

avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily . . .—
(B)(i) received less than a reasonably equivalent value in exchange for such transfer . . . and
(ii)(I) was insolvent on the date that such transfer was made . . . .

Considering the plaintiff's unrefuted statement of undisputed material facts, the plaintiff has satisfied her burden of establishing that the transfer of the real property to the defendant is constructively fraudulent and avoidable. Additionally, considering the plaintiff's arguments and unrebutted statement of undisputed facts, there is no genuine dispute that the plaintiff is entitled to a monetary judgment equal to one-half of the value of the property transferred pursuant to 11 U.S.C. § 550(a)(1)—$185,000.00.

**III.      Conclusion**

For the reasons stated in this memorandum, the court finds that there is no genuine issue of material fact and that as a matter of law the plaintiff has satisfied her burden of proof of establishing that the transfer of real property from the debtor to the defendant identified in the complaint was a fraudulent transfer, thus entitling the plaintiff to a judgment for the value of the property at the time of the transfer. By separate order, the court will grant the plaintiff's motion for summary judgment.

###